# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| JOEY DOUGLAS SEIBER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  3:19-CV-424-DCLC-HBG |
| DR. CASEY DILLON, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, a prisoner proceeding pro se, has filed an amended complaint for violation of 42 U.S.C. § 1983 that is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 8].

## I.   ALLEGATIONS OF COMPLAINT

Plaintiff, an inmate housed at the Anderson County Detention Facility, was shot approximately 10 days before his arrest on December 8, 2018 [Doc. 8 p. 2-3]. In January 2019, a doctor at U.T. Medical Center ordered Plaintiff to undergo physical therapy three times per week for four weeks [*Id.* at 3-4]. Benchmark Therapy, where Plaintiff was receiving physical therapy, determined that Plaintiff's therapy need to be extended [*Id.* at 4]. However, the therapy was stopped "because of a much[-]needed surgery on March 1, 2019" that was performed at U.T. Medical Center [*Id.*]. Plaintiff was cleared to return to physical therapy on March 13, 2019, and he was scheduled a surgical follow-up appointment in eight weeks [*Id.*].

Plaintiff maintains that his physical therapy was not reinstated, and that he was not transported to his follow-up appointment due to the actions of Deputy Amber Allen and Dr. Casey Dillon [*Id.*]. Specifically, he claims that Deputy Amber Allen told him that he was taken off

lockdown so that he could exercise (presumably in lieu of the physical therapy), and that staff had spoken to U.T. Medical who advised that Plaintiff could be cared for at the Anderson County Detention Facility [*Id.*]. Plaintiff claims that no medical staff evaluated him to make a reasonable assessment as to whether he needed physical therapy or a follow-up, however [*Id.*]. He claims that the facility's physician, Dr. Casey Dillon, stopped his follow-ups, discontinued his physical therapy, and denied him Tylenol, which he had been prescribed [*Id*. at 8, 11].

Plaintiff also asserts that he fell in September 2019, and that a mobile x-ray was ordered [*Id.*]. Plaintiff was sent to Oakridge Orthopedics and was seen by a physician who ordered a follow-up in two weeks [*Id.*]. Plaintiff claims, however, that he was not transported for the follow-up [*Id.*]. As a result, Plaintiff claims, he has endured needless pain and suffering [*Id*. at 5].

## II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish

2

undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). For the reasons stated herein, Plaintiff has failed to do so.

## III. ANALYSIS

In his amended complaint, Plaintiff asserts that Nurse Norwood is responsible for the alleged constitutional violations, because, as head nurse, she should have evaluated Plaintiff and not permitted other medical personnel to stop his appointments [Doc. 8 p. 11]. However, Plaintiff's complaint concedes that the nurses are not responsible for ordering or halting any treatment, the facility's medical doctor is. [*See, generally*, Doc. 8]. Additionally, Plaintiff's complaint contains no facts from which the Court could infer that Nurse Norwood is personally responsible for any of the constitutional violations alleged, and therefore, he has failed to state a claim against her. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Moreover, Plaintiff cannot seek to impose liability on Nurse Norwood as "head nurse," as a court may not impose liability under § 1983 based a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). We do not normally override a party's concession

Therefore, Defendant Nurse Norwood will be **DISMISSED**.

Plaintiff asserts that Defendants S. Yowell, J. Maples (also listed on the docket as "Lt. Maples"), M. Fenton, R. Parker, and Russell Barker were all "active participants" who are "directly and vicariously" liable for the alleged violations of his constitutional rights [Doc. 8 p. 8]. However, Plaintiff's allegations are conclusory. He has alleged no facts from which the Court could infer that any of these Defendants had any personal involvement in the wrongdoing alleged. Rather, Plaintiff seeks to impose liability on these Defendants based on their status as supervisors [*Id*. at 11]. As stated above, there is no *respondeat superior* liability in § 1983, *see Shehee*, 199 F.3d at 300, and these Defendants will be **DISMISSED**.

The Court finds it apparent from Plaintiff's complaint that he has received extensive medical care from outside providers while housed at the Anderson County Detention Facility, but he has plausibly stated a claim for the denial of medical care inside the facility. Specifically, the Court finds it plausible that Plaintiff may be able to assert a claim against either Dr. Dillion and/or Amber Allen regarding his discontinued physical therapy appointments, his missed follow-up appointments, and the denial of pain medication that had been ordered by other providers. Accordingly, this case will **PROCEED** against only Defendants Dr. Casey Dillon and Amber Allen.

IV. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's denial of medical care claims against Dr. Casey Dillon and Amber Allen shall **PROCEED**;

2. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Dr. Casey Dillon and Amber Allen;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to

4

the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

6. Defendants Nurse Norwood, S. Yowell, J. Maples (a/k/a Lt. Maples), M. Fenton, R. Parker, and Russell Barker are **DISMISSED**; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

                                               s/Clifton L. Corker
                                               United States District Judge